# JON L. NORINSBERG
ATTORNEY AT LAW
TRANSPORTATION BUILDING
225 BROADWAY
SUITE 2700
NEW YORK, NEW YORK 10007
www.norinsberglaw.com

BRONX OFFICE
5938 FIELDSTON ROAD
BRONX, NEW YORK 10471

TEL (212) 791-5396
FAX (212) 406-6890
E-MAIL: norinsberg@aol.com

JON L. NORINSBERG
——————
ALEX UMANSKY

May 21, 2012

**VIA ECF**
Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:**   *Baez v. JetBlue, et al.*
> *09 CV 596 (NGG) (RML)*

Your Honor:

I represent plaintiff Rosalinda Baez in the above-referenced civil action. Pursuant to Local Civil Rule 37.3 and Fed. Rule Civ. P. 37(b), I write now to respectfully request that the Court issue an Order compelling defendant JetBlue to fully and properly answer plaintiff's First Request for Admissions.

This matter arises from an incident which took place on April 15, 2008, at JFK airport, at which time plaintiff allegedly made a bomb threat to defendant Tiffany Malabet, a gate agent who was employed by JetBlue at the time. In this action, plaintiff has alleged, inter alia, a claim for Negligent Hiring, Training, Supervision and Retention against JetBlue.

On February 6, 2012, this office served defendant JetBlue with Plaintiff's First Request for Admissions. (Ex. A). On March 14, 2012 defendant JetBlue furnished its responses and objections to Plaintiff's First Request for Admissions. (Ex. B). Thereafter, pursuant to Your Honor's Individual Practices and Rules, on April 11, 2012, plaintiff wrote a letter to defense counsel advising defendants of their improper responses to plaintiff's request for admissions, and attempting to resolve the discovery dispute without the Court's intervention (Ex. C). On May 10, 2012, defense counsel responded to plaintiff's deficiency letter, essentially refusing to amend or supplement all but one of

-1-

JetBlue's prior responses. (Ex. D). Having exhausted the possibility of resolving our dispute without the Court's intervention, plaintiff now brings this motion to compel defendant JetBlue to provide full and proper responses to Plaintiff's First Request for Admissions under Rule 36.

## JETBLUE HAS FAILED TO PROVIDE PROPER RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS.

Upon reviewing JetBlue's responses to plaintiff's request for admissions, it appears that there are multiple instances in which JetBlue has failed to properly answer under 36(a) of the Federal Rules of Civil Procedure. Specifically, defendant has: (1) denied factual allegations which are unequivocally true, based on defendant's own records and/or deposition testimony; (2) offered boilerplate objections which are non-responsive to plaintiff's requests; and (3) improperly qualified answers which require a simple "admit" or "deny" response, thereby frustrating the purpose of Rule 36(a). See Wiwa v. Royal Dutch Petroleum Co, et al., No. 96 Civ. 8386, 2009 U.S. Dist. LEXIS 45621, *16 (S.D.N.Y. May 26, 2009) ("The purpose of Rule 36 is to reduce trial time by facilitating proof with respect to issues that cannot eliminated from the case and narrowing the issues by eliminating those that can be.") (quotations, citations and internal brackets omitted). Each of the deficient responses will be discussed below.

### Request For Admission Nos. 1 – 3 (JetBlue's Failure to Contact Previous Employers Prior to Hiring Malabet)

In plaintiff's first request for admission Nos. 1-3, plaintiff requested that defendant JetBlue admit or deny that JetBlue failed to contact any of Ms. Malabet's previous employers prior to hiring her. These are simple and straight-forward requests, and the information is directly relevant to plaintiff's Negligent Hiring claim. See Docket Entry No. 59 (expressly upholding plaintiffs negligent hiring claim). JetBlue's refusal to answer this request is therefore improper. See Booth Oil Site Administrative Group v. Safety-Kleen Corporation, 194 F.R.D.76, 79 (W.D.N.Y. 2000) ("Provided the demand is understandable and straightforward, calls for relevant information and does not violate a recognized privilege, an objection to a request to admit is improper ...").

To the extent that JetBlue claims that it "can neither admit or deny these requests", this blanket assertion is deficient as well. See Beberaggi v. New York City Transit Auth., No. 93 Civ., 1737, 1994 U.S. Dist. LEXIS 384, *14 (S.D.N.Y. Jan. 19, 1994) ("defendant asserts in response to a number of key requests that it lacks information necessary to admit or deny, but it fails to recite, *as it must*, that it has made reasonable inquiry and that the information it known or readily obtainable by the party is insufficient to enable the party to admit or deny") (internal quotation marks and citations omitted) (emphasis supplied). See also Fed. R. Civ. P. 36 (same). Here, JetBlue has utterly failed to explain what efforts, if any, it has made to ascertain this very basic information. Lastly, JetBlue's self-serving assertion that it does a "thorough background check on all of its crew members prior to their employment" is wholly non-responsive to the *specific request* being made, and therefore, is improper as well.

**Request For Admission Nos. 5 (JetBlue's Lack of Documentation of Any Efforts to Contact Previous Employers Prior to Hiring Malabet)**

In plaintiff's request for admissions No. 5, plaintiff requested that defendant JetBlue admit or deny that JetBlue failed to obtain any documents from Malabet's previous employers prior to hiring Ms. Malabet. Once again, this is a simple and straight-forward request. Either JetBlue obtained such documentation, or it did not obtain such documentation. If JetBlue *did* obtain such documentation, then it should clearly and succinctly deny these requests to admit. See Wright & Miller, Federal Practice & Procedure § 2260 ("A denial must be forthright, specific and unconditional."). If JetBlue did *not* obtain such documentation, then it needs to clearly and succinctly state so in its response. See Booth, 194 F.R.D. at 80 ("a refusal to admit, without detailed reasons why the responder cannot truthfully admit or deny, is the equivalent of an admission.") . JetBlue's claim that it "cannot admit or deny the truth of this request" – when it plainly *can* do so – is both evasive and improper under Rule 36(a).

**Request for Admission Nos 6-9 (JetBlue's Lack of Due Diligence In Investigating Malabet's Employment History)**

In plaintiff's request for admission Nos. 6-9, plaintiff requested that defendant JetBlue admit or deny that JetBlue never learned the circumstances of Malabet's termination from Home Depot, and never learned about her prior employment at Bank of America. These claims go directly to the Negligent Hiring claims against Jet Blue, which Judge Garaufis has expressly authorized:

> [Plaintiff] claims that JetBlue was negligent in hiring Malabet because it failed to make reasonable inquiries into Malabet's background, and that had JetBlue used reasonable care in inquiring into her background, it would have learned that Malabet was patently unqualified for her position...Baez has adequately plead her claims for negligent hiring...

(Docket Entry 59 at 15) (internal citations and brackets omitted).

Therefore, to assert, as JetBlue now does, that these requests are "irrelevant to the extant claims against JetBlue," is manifestly improper, given the broad definition of relevance under the Federal Rules. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (the phrase "relevant to the subject matter involved in the pending action has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." ). Further, JetBlue's claim, made in response to plaintiff's deficiency letter, that it "can neither admit nor deny whether it (1) verified Ms. Malabet's former employment; (2) learned of the circumstances of Ms. Malabet's termination from the Home Depot, or (3) was aware of or learned the reasons for Ms. Malabet's departure from Bank of America" is also improper. Under Rule 36 (a) (4), in order to furnish such a response, Jet Blue must *first* assert that "it has made reasonable inquiry and that the information it knows or can readily

obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). This JetBlue has wholly failed to do. Accordingly, JetBlue's response to these requests is improper. Moreover, it strains credibility to believe that JetBlue cannot answer the simple question of whether or not it ever verified Malabet's former employment prior to hiring her.

### Request for Admission Nos. 10-11 (JetBlue's Failure to Conduct A Background Search And Failure To Obtain Any Further Information From Malabet)

In plaintiff's request for admission Nos. 10-11, plaintiff requested that defendant JetBlue admit or deny that JetBlue never conducted any type of background search into Tiffany Malabet prior to hiring her, and never asked her to provide any supplemental information after she submitted her online application. With respect to these requests, JetBlue attempts to qualify its denials by adding the formulaic recitation of "subject to and without waiver of the foregoing objections." This qualifying language is clearly improper. See Wright & Miller, Federal Practice & Procedure § 2260 ("A denial must be forthright, specific and unconditional."). Further, JetBlue's objection based on relevancy is palpably improper, for the reasons stated above.

### Request for Admission No. 17 (Lack of Documentation Of Any Discussion Between Malabet and Her Supervisors Regarding the Subject Incident)

In plaintiff's request for admission No. 17, plaintiff requested that defendant JetBlue admit or deny that JetBlue does not have any documentation of any discussion with defendant Malabet regarding the complaint of Ms. Baez.[1] Once again, this is a straight-forward request. Either JetBlue does have such documentation, or it does not. Rather than simply admit this fact, however, JetBlue attempts to improperly qualify its response by adding the formulaic and boilerplate language that the admission is "subject to and without waiver of the foregoing objections." This attempt to inject ambiguity into an otherwise clear admission is improper. See Henry v. Champlain Enters., 212 F.R.D. 73, 78 (N.D.N.Y 2003) (any qualifications should "provide clarity and lucidity to the genuineness of the issues and not ... obfuscate, frustrate or compound the references.").

### Request for Admission Nos. 19, 21 and 22 (Malabet's Role as a Designated Ground Security Coordinator)

In plaintiff's request for admission Nos. 19, 21 and 22, plaintiff requested that defendant JetBlue admit or deny that Malabet: i) served as a designated Ground Security Coordinator on April 15, 2008; ii) that Malabet had never served as a designated Ground Security prior to April 15, 2008; and iii) that JetBlue had never informed Ms. Malabet that she was the designated Ground Security on the date of the subject incident. Rather than simply admit or deny these assertions, JetBlue has instead – in a transparent effort at semantics –  to respond simply that "Tiffany Malabet was not a Ground Security Coordinator." However, the request specifically says *"designated"* Ground Security

---

[1] Shortly after her initial encounter with Ms. Malabet, and prior to her arrest, plaintiff had sent an e-mail to JetBlue complaining about Tiffany Malabet.

Coordinator, not Ground Security Coordinator. To the extent that there is, in fact, a difference between these two positions – as asserted by Jon Orlove from Corporate Security – then this response is improper and non-responsive to the *actual* language in the request. Conversely, if there is *no* distinction between these two positions,[2] then JetBlue's response is improper because it is directly contradicted by the Case Report prepared by Mr. Orlove (which repeatedly refers to Ms. Malabet as the "designated Ground Security Coordinator"). Under either scenario, JetBlue's response is deficient and improper under Rule 36(a). See Beberaggi v. New York City Transit Auth., No. 93 Civ., 1737, 1994 U.S. Dist. LEXIS 384, *12 (S.D.N.Y. Jan. 19, 1994) ("If the responding party intends to deny a portion of the requested admission, it must so state, and must 'specify so much of it as is true and qualify or deny the remainder'" ) (citing Apex Oil Co. v. Belcher Co., 855 F.2d 1009, 117-19 (2d Cir. 1988)).

## Conclusion

Defendant JetBlue has effectively thwarted the purpose of Rule 36(a) by denying facts which are unquestionably true and/or by lodging frivolous and improper objections to plaintiff's request for admissions. Under such circumstances, plaintiff respectfully requests that the Court issue an Order: (1) compelling JetBlue to properly respond to plaintiff's request for admissions under Rule 36(a); and (2) awarding reasonable attorney's fees for the time spent needlessly litigating this issue. See Apex Oil Company v. the Belcher Company of New York, 855 F.2d 1009, 1015 (2d Cir. 1988) ("The party seeking the admission may move to test the sufficiency of any response to his or her request. If the response is deemed insufficient, Rule 36(a) provides that the district court may order that the matter is deemed admitted or that a proper response be provided. Even if the party fails to make a motion under Rule 36(a), a party may recover sanctions under Rules 37(c) and 26(g).").

To the extent that JetBlue persists in its claims that it cannot admit or deny any of plaintiff's requests – a claim which appears, on its face, to be JetBlue's "escape route" to avoid admitting facts which it would otherwise have no basis for denying – we respectfully request that the Court issue an Order precluding JetBlue from subsequently changing its position and introducing evidence at trial, or on a summary judgment motion, which is contrary to its current stated position (e.g., by later introducing evidence that it *did* verify Ms. Malabet's prior employment, that it *did* conduct a background search on Ms. Malabet, etc. ). Lastly, we request that the Court issue an Order compelling JetBlue to remove its boilerplate qualifications, such as "subject to and without waiver of the foregoing objections", which merely serve to obfuscate JetBlue's admissions and diminish

---

[2] JetBlue has failed to provide *any* documentation supporting this distinction, despite plaintiff's document request for any records which describe the role of Ground Security Coordinator. See Plaintiff's Fourth Set of Document Demands, Request No. 15, and Plaintiff's Fifth Set of Document Demands, Request No. 13.

their potential usefulness at trial. We thank the Court for consideration of this request.[3]

Respectfully submitted,

Jon L. Norinsberg

_____

[3]JetBlue has also failed to provide proper responses to plaintiff's Fifth Set of Document demands. A separate motion to compel will be filed shortly with the Court relating to JetBlue's failure to provide this outstanding discovery.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROSALINDA BAEZ,

                         Plaintiff,                      **09-CV-0596(NGG)**

     -against-

JET BLUE AIRWAYS and TIFFANY MALABET,

                         Defendants.
-------------------------------------------------------------------X

### <u>PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS FROM DEFENDANT JETBLUE</u>

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, plaintiff hereby request that defendants, admit or deny the requests as set forth below within 30 days of the service of these requests.

1.     JetBlue did not contact any of Tiffany Malabet's former employers prior to hiring her.

2.     JetBlue did not check on any of Tiffany Malabet's references prior to hiring her.

3.     JetBlue did not contact any of the individuals listed on Ms. Malabet's resume prior to hiring her.

4.     JetBlue does not have any documentation that it contacted any of Ms. Malabet's previous employers, including Home Depot, McDonalds, Sears Roebuck and/or Jones Beach, prior to hiring her.

5.     JetBlue did not obtain any employment records from any of Ms. Tiffany Malabet's previous employers, including Home Depot, McDonalds, Sears Roebuck and/or Jones Beach, prior to hiring her.

6.     JetBlue did not verify that Tiffany Malabet ever worked at Home Depot, McDonalds, Sears Roebuck and/or Jones Beach, prior to hiring her.

7.     JetBlue never learned the circumstances of Ms. Malabet's termination from Home Depot prior to hiring her.

8.     JetBlue was not aware of the fact that Ms. Malabet had ever worked at Bank of America prior to hiring her.

9.     JetBlue never learned the circumstances of Ms. Malabet's departure from Bank of America prior to hiring her.

10.    JetBlue did not do any type of background check into Tiffany Malabet prior to hiring her.

11.    JetBlue did not ask Tiffany Malabet to provide any additional information after she submitted her initial job application online to JetBlue.

12.    JetBlue did not ask Tiffany Malabet about any of her social media postings, including but not limited to, her postings on MySpace, Facebook, Twitter, prior to hiring her.

13.    JetBlue did not conduct any evaluations of Tiffany Malabet's job performance at any time, from the time she was first hired on October 23, 2007 until April 15, 2008.

14.    JetBlue does not have any record of conducting any evaluation of Tiffany Malabet's job performance, from the time she was first hired by JetBlue until April 15, 2008.

15.    JetBlue does not have any record of conducting any evaluation of Tiffany Malabet's job performance, from the April 15, 2008 until the date of her termination in December 2008.

16.    JetBlue never spoke with Tiffany Malabet regarding the complaints made by Ms. Baez about Ms. Malabet in plaintiff's e-mail to JetBlue on April 15, 2008.

17.    JetBlue does not have any documentation of any discussion held between Ms. Malabet and any of her supervisors at JetBlue regarding the complaints made by Ms. Baez in her e-mail to JetBlue on April 15, 2008.

18.     According to JetBlue's Flight Operations Manual, the Ground Security Coordinator serves as "the central contact for all security related disturbances occurring either on board the aircraft or in the airport facility." (May1, 2007 FOM, Section G2)

19.     On April 15, 2008, Tiffany Malabet served as a designated Ground Security Coordinator for JetBlue.

20.     Tiffany Malabet did not receive any training from JetBlue for the position of Ground Security Coordinator.

21.     Prior to April 15, 2008, Tiffany Malabet had never served as a designated Ground Security Coordinator.

22.     JetBlue never informed Ms. Malabet that she was the designated Ground Security Coordinator on April 15, 2008.

23.     JetBlue offers a one day training course for the position of Ground Security Coordinator.

24.     JetBlue employees must take and pass an exam before they can serve as Ground Security Coordinator.

25.     Tiffany Malabet never took the JetBlue training course to become a Ground Security Coordinator.

26.     Tiffany Malabet never took the exam to become a Ground Security Coordinator for JetBlue.

Dated: February 6, 2012
       New York, New York

Yours, etc.

By:     _____/s/_____
         JON L. NORINSBERG (norinsberg@aol.com)
         Attorney for Plaintiff
         225 Broadway, Suite 2700
         New York, NY 10007
         (212) 791-5396

To:    Holland & Knight, LLP
       Attorneys for Defendants
       HOLLAND & KNIGHT LLP
       31 West 52nd Street
       New York, New York 10019
       Attn:   Robert Burns, Esq.

       Raven & Kolbe LLP
       Attorneys for Defendants
       126 East 56th Street, Suite 202
       New York, N.Y. 10022
       Attn: George Spencer Kolbe

**EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSALINDA BAEZ,<br><br>Plaintiff,<br><br>- against -<br><br>JETBLUE AIRWAYS CORPORATION<br>and TIFFANY MALABET,<br><br>Defendants. | 09 CV 0596 (NGG)<br><br>**DEFENDANT JETBLUE'S<br>RESPONSES AND<br>OBJECTIONS TO<br>PLAINTIFF'S FIRST<br>REQUEST FOR ADMISSIONS** |

Defendant JetBlue Airways Corporation (hereinafter "Defendant" or "JetBlue"), by and through its attorneys Holland and Knight LLP, hereby objects and responds to the First Request for Admissions (the "Request") propounded by Plaintiff Rosalinda Baez ("Plaintiff" or "Baez") as follows:

### GENERAL OBJECTIONS

1.     JetBlue objects to the Requests to the extent that they purport, through definitions or otherwise, to impose burdens and duties that exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Eastern District of New York.

2.     JetBlue objects to the Requests to the extent they are an improper use of the discovery device permitted by Fed. R. Civ. P. 36.

3.     JetBlue objects to the Requests to the extent they purport to require JetBlue to conduct an investigation as to facts presently not within its knowledge.

4.     JetBlue objects to the Requests to the extent they seek information which is not in JetBlue's possession and/or within Plaintiff's possession.

1

5.     JetBlue objects to the Requests to the extent they are not limited to a singular relevant fact.

6.     JetBlue objects to any Request to the extent that it seeks disclosure of information that is not confined to the relevant issues in this case, is beyond the scope of the pleadings, is irrelevant to the subject matter of this action, or is not reasonably calculated to lead to discovery of relevant admissible evidence.  JetBlue specifically objects to any Request to the extent that it seeks disclosure of information that is not reasonably calculated to lead to discovery of admissible evidence relevant to plaintiff's claims of defamation and negligent hiring / retention / training / supervision, the only claims that remain extant as against the airline.

7.     JetBlue objects to the Requests to the extent they seek information which is not material and necessary in the prosecution or defense of an action, and otherwise not subject to discovery under the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District of New York, and/or applicable orders of this Court.

8.     JetBlue objects to the Requests on the ground and to the extent that they are overbroad, unduly burdensome, and oppressive.

9.     JetBlue objects to the Requests on the ground and to the extent that they are vague, ambiguous, unintelligible or unclear; JetBlue reserves the right to assert specific objections in the event the Requests are clarified.

10.     By responding to Plaintiff's Requests, JetBlue does not acknowledge or concede the truth or accuracy of any characterization, allegation, or statement made in the Requests.

2

11.     JetBlue reserves its rights to object on any ground to the use of any of the responses to Plaintiff's Requests or the subject matter of Plaintiff's Requests in any subsequent proceeding, and at the trial of this action.

12.     JetBlue reserves the right at any time to revise, correct, supplement, amend, or clarify any response to Plaintiff's Requests.

10.     Each of these general objections are incorporated by reference into each of the specific responses set forth below, which responses JetBlue makes without waiver of any of these general statements.

## SPECIFIC RESPONSES

### REQUEST FOR ADMISSION NO. 1:

JetBlue did not contact any of Tiffany Malabet's former employers prior to hiring her.

**RESPONSE NO. 1:**  JetBlue objects to Request No. 1 on the grounds that it seeks information that is irrelevant to the extant claims against JetBlue in this litigation.  Subject and without waiver of the foregoing objections, JetBlue states that it can neither admit nor deny the truth of this request based on the materials and information currently in its possession, custody, and control, including but not limited to the personnel file of Ms. Malabet.  JetBlue states that it conducts a thorough background check on all of its crewmembers prior to their employment.

### REQUEST FOR ADMISSION NO. 2:

JetBlue did not check on any of Tiffany Malabet's references prior to hiring her.

**RESPONSE NO. 2:**  JetBlue objects to Request No. 1 on the grounds that it seeks information that is irrelevant to the extant claims against JetBlue in this litigation.  Subject and without waiver of the foregoing objections, JetBlue states that it can neither admit nor deny the truth of this request based on the materials and information currently in its

3

possession, custody, and control, including but not limited to the personnel file of Ms. Malabet. JetBlue states that it conducts a thorough background check on all of its crewmembers prior to their employment.

**REQUEST FOR ADMISSION NO. 3:**

JetBlue did not contact any of the individuals listed on Ms. Malabet's resume prior to hiring her.

**RESPONSE NO. 3:** JetBlue objects to Request No. 3 on the grounds that it seeks information that is irrelevant to the extant claims against JetBlue in this litigation. Subject and without waiver of the foregoing objections, JetBlue states that it can neither admit nor deny the truth of this request based on the materials and information currently in its possession, custody, and control, including but not limited to the personnel file of Ms. Malabet. JetBlue states that it conducts a thorough background check on all of its crewmembers prior to their employment.

**REQUEST FOR ADMISSION NO. 4:**

JetBlue does not have any documentation that it contacted any of Ms. Malabet's previous employers, including Home Depot, McDonalds, Sears Roebuck and/or Jones Beach, prior to hiring her.

**RESPONSE NO. 4:** JetBlue objects to Request No. 4 on the grounds that it seeks information that is irrelevant to the extant claims against JetBlue in this litigation. Subject and without waiver of the foregoing objections, JetBlue states that it can neither admit nor deny the truth of this request based on the materials and information currently in its possession, custody, and control, including but not limited to the personnel file of Ms. Malabet. JetBlue states that it conducts a thorough background check on all of its crewmembers prior to their employment.

#11022613_v1

**REQUEST FOR ADMISSION NO. 5:**

JetBlue did not obtain any employment records from any of Ms. Tiffany Malabet's previous employers, including Home Depot, McDonalds, Sears Roebuck and/or Jones Beach, prior to hiring her.

**RESPONSE NO. 5:** JetBlue objects to Request No. 5 on the grounds that it seeks information that is irrelevant to the extant claims against JetBlue in this litigation. Subject and without waiver of the foregoing objections, JetBlue states that it can neither admit nor deny the truth of this request based on the materials and information currently in its possession, custody, and control, including but not limited to the personnel file of Ms. Malabet. JetBlue states that it conducts a thorough background check on all of its crewmembers prior to their employment.

**REQUEST FOR ADMISSION NO. 6:**

JetBlue did not verify that Tiffany Malabet ever worked at Home Depot, McDonalds. Sears Roebuck and/or Jones Beach, prior to hiring her.

**RESPONSE NO. 6:** JetBlue objects to Request No. 6 on the grounds that it seeks information that is irrelevant to the extant claims against JetBlue in this litigation. Subject and without waiver of the foregoing objections, JetBlue states that it can neither admit nor deny the truth of this request based on the materials and information currently in its possession, custody, and control, including but not limited to the personnel file of Ms. Malabet. JetBlue states that it conducts a thorough background check on all of its crewmembers prior to their employment.

**REQUEST FOR ADMISSION NO. 7:**

JetBlue never learned the circumstances of Ms. Malabet's termination from Home Depot prior to hiring her.

#11022613_v1

**RESPONSE NO. 7:** JetBlue objects to Request No. 7 on the grounds that it seeks information that is irrelevant to the extant claims against JetBlue in this litigation.

**.REQUEST FOR ADMISSION NO. 8:**

JetBlue was not aware of the fact that Ms. Malabet had ever worked at Bank of America prior to hiring her.

**RESPONSE NO. 8:** JetBlue objects to Request No. 8 on the grounds that it seeks information that is irrelevant to the extant claims against JetBlue in this litigation.

**REQUEST FOR ADMISSION NO. 9:**

JetBlue never learned the circumstances of Ms. Malabet's departure from Bank of America prior to hiring her.

**RESPONSE NO. 9:** JetBlue objects to Request No. 9 on the grounds that it seeks information that is irrelevant to the extant claims against JetBlue in this litigation.

**REQUEST FOR ADMISSION NO. 10:**

JetBlue did not do any type of background check into Tiffany Malabet prior to hiring her.

**RESPONSE NO. 10:** Subject to and without waiver of the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 11:**

JetBlue did not ask Tiffany Malabet to provide any additional information after she submitted her initial job application online to JetBlue.

**RESPONSE NO. 11:** JetBlue objects to Request No. 11 on the grounds that it seeks information that is irrelevant to the extant claims against JetBlue in this litigation. Subject to and without waiver the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 12:**

JetBlue did not ask Tiffany Malabet about any of her social media postings, including but not limited to, her postings on My Space, Facebook, Twitter, prior to hiring her.

6

**RESPONSE NO. 12:** JetBlue objects to Request No. 12 on the grounds that it seeks information that is irrelevant to the extant claims against JetBlue in this litigation.

**REQUEST FOR ADMISSION NO. 13:**

JetBlue did not conduct any evaluations of Tiffany Malabet's job performance at any time, from the time she was first hired on October 23, 2007 until April 15, 2008.

**RESPONSE NO. 13:** Subject to and without waiver of the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 14:**

JetBlue does not have any record of conducting any evaluation of Tiffany Malabet's job performance, from the time she was first hired by JetBlue until April 15, 2008.

**RESPONSE NO. 14:** Subject to and without waiver of the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 15:**

JetBlue does not have any record of conducting any evaluation of Tiffany Malabet's job performance, from the April 15, 2008 until the date of her termination in December 2008.

**RESPONSE NO. 15:** Subject to and without waiver of the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 16:**

JetBlue never spoke with Tiffany Malabet regarding the complaints made by Ms. Baez about Ms. Malabet in plaintiff's e-mail to JetBlue on April 15, 2008.

**RESPONSE NO. 16:** Subject to and without waiver of the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 17:**

JetBlue does not have any documentation of any discussion held between Ms. Malabet and any of her supervisors at JetBlue regarding the complaints made by Ms. Baez in her e-mail to JetBlue on April 15, 2008.

7

**RESPONSE NO. 17:**  Subject to and without waiver of the foregoing objections, admitted.

**REQUEST FOR ADMISSION NO. 18:**

According to JetBlue's Flight Operations Manual, the Ground Security Coordinator serves as "the central contact for all security related disturbances occurring either on board the aircraft or in the airport facility." (May 1, 2007 FOM, Section G2)

**RESPONSE NO. 18:**  Subject to and without waiver of the foregoing objections, denied.  JetBlue admits that the Flight Operations Manual, with respect to preparing a flight for departure, provides, among other duties, that the Ground Security Coordinator "is the central contact for all security related disturbances occurring either onboard the aircraft or in the aircraft facility."

**REQUEST FOR ADMISSION NO. 19:**

On April 15, 2008, Tiffany Malabet served as a designated Ground Security Coordinator for JetBlue.

**RESPONSE NO. 19:**  Subject to and without waiver of the foregoing objections, denied.  Tiffany Malabet was not a Ground Security Coordinator.

**REQUEST FOR ADMISSION NO. 20:**

Tiffany Malabet did not receive any training from JetBlue for the position of Ground Security Coordinator.

**RESPONSE NO. 20:**  Subject to and without waiver of the foregoing objections, Tiffany Malabet was not a Ground Security Coordinator.

**REQUEST FOR ADMISSION NO. 21:**

Prior to April 15, 2008, Tiffany Malabet had never served as a designated Ground Security Coordinator.

**RESPONSE NO. 21:**  Subject to and without waiver of the foregoing objections, denied.  Tiffany Malabet was not a Ground Security Coordinator.

8

#11022613_v1

**REQUEST FOR ADMISSION NO. 22:**

JetBlue never informed Ms Malabet that she was the designated Ground Security Coordinator on April 15, 2008.

**RESPONSE NO. 22:**   Subject to and without waiver of the foregoing objections,

denied.  Tiffany Malabet was not a Ground Security Coordinator.

**REQUEST FOR ADMISSION NO. 23:**

JetBlue offers a one day training course for the position of Ground Security Coordinator.

**RESPONSE NO. 23:**   Subject to and without waiver of the foregoing objections,

denied.  JetBlue admits that employees must take a course and pass and exam, among other

training, to become a Ground Security Coordinator.

**REQUEST FOR ADMISSION NO. 24:**

JetBlue employees must take and pass an exam before they can serve as Ground Security Coordinator.

**RESPONSE NO. 24:**   Subject to and without waiver of the foregoing objections,

denied.  JetBlue admits that employees must take a course and pass and exam, among other

training, to become a Ground Security Coordinator.

**REQUEST FOR ADMISSION NO. 25:**

Tiffany Malabet never took the JetBlue training course to become a Ground Security Coordinator.

**RESPONSE NO. 25:**   Subject to and without waiver of the foregoing objections,

admitted.  Tiffany Malabet was not a Ground Security Coordinator.

**REQUEST FOR ADMISSION NO. 26:**

Tiffany Malabet never took the exam to become a Ground Security Coordinator for JetBlue.

9

**RESPONSE NO. 26:** Subject to and without waiver of the foregoing objections,

admitted. Tiffany Malabet was not a Ground Security Coordinator.

Dated: March 14, 2012
New York, New York

By: _____
Robert J. Burns
Sarah G. Passeri
Holland & Knight LLP
31 West 52nd Street
New York, NY 10019
Tel.: (212) 513-3200
Fax: (212) 385-9010

*Attorneys for Defendant*
*JetBlue Airways Corporation*

To:     Jon L. Norinsberg
Law Office of Jon L. Norinsberg
225 Broadway, Suite 2700
New York, NY 10007
(212) 791-5396

*Attorneys for Plaintiff*

George Kolbe
Raven & Kolbe LLP
126 East 56th Street, Suite 202
New York, New York 10022

*Attorneys for Defendant Tiffany*
*Malabet*

10

**EXHIBIT C**

# JON L. NORINSBERG
### ATTORNEY AT LAW
**TRANSPORTATION BUILDING**
**225 BROADWAY**
**SUITE 2700**
**NEW YORK, NEW YORK 10007**
www.norinsberglaw.com

BRONX OFFICE
5938 FIELDSTON ROAD
BRONX, NEW YORK 10471

TEL (212) 791-5396
FAX (212) 406-6890
E-MAIL: norinsberg@aol.com

JON L. NORINSBERG
———
ALEX UMANSKY

April 11, 2012

Holland & Knight
31 West 52nd Street
New York, NY 10019

Attn: Sarah Gogal Passeri, Esq.

Re:   ***Rosalinda Baez v. JetBlue Airways, et al***
      09 CV 0596 (NGG) (RML)

Dear Ms. Passeri:

We are in receipt of Defendant's JetBlue's First Set of Responses To Plaintiff's Requests For Admissions, and we write now in response to same.

Upon reviewing Defendant's responses, it appears that there are multiple instances in which defendant has failed to properly answer under 36(a) of the Federal Rules of Civil Procedure. Specifically, defendant has: (1) denied factual allegations which are unequivocally true, based on defendant's own records and/or deposition testimony; (2) offered boilerplate objections which are non-responsive to plaintiff's requests; and (3) improperly qualified answers which require a simple "admit" or "deny" response, thereby frustrating the purpose of Rule 36(a). See Wiwa v. Royal Dutch Petroleum Co, et al., No. 96 Civ. 8386, 2009 U.S. Dist. LEXIS 45621, *16 (S.D.N.Y. May 26, 2009) ("The purpose of Rule 36 is to reduce trial time by facilitating proof with respect to issues that cannot eliminated from the case and narrowing the issues by eliminating those that can be.") (quotations, citations and internal brackets omitted).  Each of the deficient responses will be discussed below.

-1-

**Request For Admission Nos. 1 – 3 (JetBlue's Failure to Contact Previous Employers Prior to Hiring Malabet)**

In plaintiff's first request for admission Nos. 1-3, plaintiff requested that defendant JetBlue admit or deny that JetBlue failed to contact any of Ms. Malabet's previous employers prior to hiring her. These are simple and straight-forward requests, and the information is directly relevant to plaintiff's Negligent Hiring claim. See Docket Entry No. 59 (expressly upholding plaintiffs negligent hiring claim).

Therefore, defendants' refusal to answer this request is improper.  See Booth Oil Site Administrative Group v. Safety-Kleen Corporation, 194 F.R.D.76, 79 (W.D.N.Y. 2000) ("Provided the demand is understandable and straightforward, calls for relevant information and does not violate a recognized privilege, an objection to a request to admit is improper ..."). To the extent that JetBlue claims that it "can neither admit or deny these requests", this blanket assertion is deficient as well. See Beberaggi v. New York City Transit Auth., No. 93 Civ., 1737, 1994 U.S. Dist. LEXIS 384, *14 (S.D.N.Y. Jan. 19, 1994) ("defendant asserts in response to a number of key requests that it lacks information necessary to admit or deny, but it fails to recite, as it must, that it has made reasonable inquiry and that the information it known or readily obtainable by the party is insufficient to enable the party to admit or deny") (internal quotation marks and citations omitted) (emphasis supplied). Lastly, JetBlue's self-serving assertion that it does a "thorough background check on all of its crew members prior to their employment" is wholly non-responsive to the *specific request* being made, and therefore, is improper as well.

**Request For Admission Nos. 4 – 5 (JetBlue's Lack of Documentation of Any Efforts to Contact Previous Employers Prior to Hiring Malabet)**

In plaintiff's request for admissions Nos. 4-5, plaintiff requested that defendant JetBlue admit or deny that JetBlue does not have any documentation that it contacted any of Malabet's previous employers. Once again, this is a simple and straight-forward request. Either JetBlue has such documentation, or it does not have such documentation. If JetBlue *does* have such documentation, then it should clearly and succinctly deny these requests to admit. See Wright & Miller, Federal Practice & Procedure § 2260 ("A denial must be forthright, specific and unconditional."). If JetBlue does *not* have this documentation, then it needs to clearly and succinctly state so in its response. See Booth, 194 F.R.D. at 80 ("a refusal to admit, without detailed reasons why the responder cannot truthfully admit or deny, is the equivalent of an admission.") . JetBlue's claim that it "cannot admit or deny the truth of this request" – when it plainly *can* do so – is both evasive and improper under Rule 36(a).

**Request for Admission Nos 6-9 (JetBlue's Lack of Due Diligence In Investigating Malabet's Employment History)**

In plaintiff's request for admission Nos. 6-9, plaintiff requested that defendant JetBlue admit or deny that JetBlue never learned the circumstances of Malabet's termination from Home Depot,

and never learned about her prior employment at Bank of America.  These claims go directly to the Negligent Hiring claims against Jet Blue, which Judge Garaufis has expressly authorized:

> [Plaintiff] claims that JetBlue was negligent in hiring Malabet because it failed to make reasonable inquiries into Malabet's background, and that had JetBlue used reasonable care in inquiring into her background, it would have learned that Malabet was patently unqualified for her position...Baez has adequately plead her claims for negligent hiring...

(Docket Entry 59 at 15) (internal citations and brackets omitted).

Therefore, to assert, as JetBlue now does, that these requests are "irrelevant to the extant claims against JetBlue," is manifestly improper, given the broad definition of relevance under the Federal Rules. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (the phrase "relevant to the subject matter involved in the pending action has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." ).

## Request for Admission Nos 10-11 (JetBlue's Failure to Conduct A Background Search And Failure To Obtain Any Further Information From Malabet)

In plaintiff's  request for admission Nos. 10-11, plaintiff requested that defendant JetBlue admit or deny that JetBlue never conducted any type of background search into Tiffany Malabet prior to hiring her, and never asked her to provide any supplemental information after she submitted her online application. With respect to these requests, JetBlue attempts  to qualify its denials by adding the formulaic recitation of "subject to and without waiver of the foregoing objections." This qualifying language is clearly improper. See Wright & Miller, Federal Practice & Procedure § 2260 ("A denial must be forthright, specific and unconditional."). Further, JetBlue's objection based on relevancy is palpably improper, for the reasons stated above.

## Request for Admission No. 17 (Lack of Documentation Of Any Discussion Between Malabet and Her Supervisors Regarding the Subject Incident)

In plaintiff's  request for admission No. 17,  plaintiff requested that defendant JetBlue admit or deny that JetBlue does not have any documentation of any discussion with defendant Malabet regarding the complaint of Ms. Baez. Once again, this is a straight-forward request. Either JetBlue does have such documentation, or it does not.  Rather than simply admit this fact, however, JetBlue attempts to improperly qualify its response by adding the formulaic and boilerplate language that the admission is "subject to and without waiver of the foregoing objections." This attempt to inject ambiguity into an otherwise clear admission is clearly improper. See Henry v. Champlain Enters., 212 F.R.D. 73, 78 (N.D.N.Y 2003) (any qualifications should "provide clarity and lucidity to the genuineness of the  issues and not ... obfuscate, frustrate or compound the references.").

**Request for Admission Nos. 19, 21 and 22 (Malabet's Role as a Designated Ground Security Coordinator)**

In plaintiff's request for admission Nos. 19, 21 and 22, plaintiff requested that defendant JetBlue admit or deny that Malabet: i) served as a designated Ground Security Coordinator on April 15, 2008; ii) that Malabet had never served as a designated Ground Security prior to April 15, 2008; and iii) that JetBlue had never informed Ms. Malabet that she was the designated Ground Security on the date of the subject incident. JetBlue responded to all three of these requests by asserting that "Tiffany Malabet was not a Ground Security Coordinator." However, the request specifically says *"designated"* Ground Security Coordinator, not Ground Security Coordinator. To the extent that there is a difference between these two positions – as asserted by Jon Orlove – then this response is improper and non-responsive to the *actual* language in the request. Conversely, if there is *no* distinction between these two positions,[1] then JetBlue's response is improper because it is directly contradicted by the Case Report prepared by Mr. Orlove (which repeatedly refers to Ms. Malabet as the "designated Ground Security Coordinator"). Under either scenario, JetBlue's response is deficient and improper under Rule 36(a). See Beberaggi v. New York City Transit Auth., No. 93 Civ., 1737, 1994 U.S. Dist. LEXIS 384, *12 (S.D.N.Y. Jan. 19, 1994) ("If the responding party intends to deny a portion of the requested admission, it must so state, and must 'specify so much of it as is true and qualify or deny the remainder'") (citing Apex Oil Co. v. Belcher Co., 855 F.2d 1009, 117-19 (2d Cir. 1988)).

## Conclusion

Please accept this letter as a good faith attempt to resolve our differences without intervention of the Court. We are hopeful that once you have had an opportunity to review JetBlue's initial responses to plaintiff's Requests for Admissions, you will see fit to amend them as requested herein. However, in the event that you are not willing to do so, we will have no choice but to file a motion with the Court seeking an Order compelling defendant to properly respond under Rule 36(a), as well as an Order reimbursing plaintiff for all costs necessitated by the filing such a motion. See Apex Oil Company v. the Belcher Company of New York, 855 F.2d 1009, 1015 (2d Cir. 1988) ("The party seeking the admission may move to test the sufficiency of any response to his or her request. If the response is deemed insufficient, Rule 36(a) provides that the district court may order that the matter is deemed admitted or that a proper response be provided. Even if the party fails to make a motion under Rule 36(a), a party may recover sanctions under Rules 37(c) and 26(g).")

---

[1] JetBlue has failed to provide *any* documentation supporting this distinction, despite plaintiff's document request for any records which describe the role of Ground Security Coordinator. See Plaintiff's Fourth Set of Document Demands, Request No. 15, and Plaintiff's Fifth Set of Document Demands, Request No. 13.

Please advise me by April 16, 2012 as to how you wish to proceed in this matter. Thank you.

Very truly yours,

Jon L. Norinsberg

cc:    Raven & Kolbe LLP
Attorneys for Defendants
126 East 56th Street, Suite 202
New York, N.Y. 10022
Attn: George Spencer Kolbe

-5-

**EXHIBIT D**

# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Sarah Gogal Passeri
(212) 513-3563
sarah.passeri@hklaw.com

May 10, 2012

**VIA EMAIL AND FIRST CLASS MAIL**

Jon L. Norinsberg, Esq.
Law Office of Jon L. Norinsberg
225 Broadway, Suite 2700
New York, New York  10007

> Re:   Rosalinda Baez v. JetBlue Airways Corp., et al.
>         Our File: 082720-00066

Dear Jon:

We have reviewed plaintiff's deficiency letter with respect to JetBlue's First Set of Responses to
Plaintiff's Requests for Admission. We disagree with plaintiff's broad-stroke characterization of
JetBlue's responses as "den[ying] factual allegations which are unequivocally true," "offer[ing]
boilerplate objections," and "improperly qualifying answers."

Many of plaintiff's requests cannot be admitted or denied by JetBlue based on the materials and
information currently in its custody, possession, and control.  With respect to those requests,
JetBlue can only base its response on what is done in the ordinary course of business.

Additionally, contrary to plaintiff's assertions, qualifying an admission or denial is an appropriate
practice. *See Diederich v. Dep't of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990) ("[g]enerally,
qualification is permitted if the statement, although containing some truth…standing alone out of
context of the whole truth convey[s] unwarranted and unfair inferences."); *Wiwa v. Royal Dutch
Petro. Co*., No. 01-1909, 2009 WL 1457142, at *4 (S.D.N.Y. May 26, 2009) ("[q]ualifying a
response may be particularly appropriate if the request is sweeping, multi-part, involves sharply
contested issues, or goes to the heart of a defendant's liability.")

Subject to and without waiver of any of JetBlue's objections interposed in its March 14 responses
to plaintiff's First Request for Admission, JetBlue states as follows:ka

- With respect to Request Nos. 1 - 3, JetBlue states that based on the information currently
  within its possession, custody, and control, including the personnel file of Ms. Malabet, it
  can neither admit nor deny whether it (1) contacted any of Ms. Malabet's employers, (2)
  checked any of Ms. Malabet's references, or (3) contacted individuals listed on Ms.

Atlanta | Boston | Chicago | Fort Lauderdale | Jacksonville | Lakeland | Los Angeles | Miami | New York | Northern Virginia | Orlando
Portland | San Francisco | Tallahassee | Tampa | Washington, D.C. | West Palm Beach

May 10, 2012
Page 2

Malabet's resume. As indicated in the documents produced, JetBlue generally conducts background checks on applicants for employment, which includes, *inter alia*, contacting current and previous employers and schools. *See, e.g.*, JB 00042 and 00052.

- With respect to Request No. 4, JetBlue admits that it does not have any documentation that it contacted Ms. Malabet's previous employers.

- With respect to Request No. 5, JetBlue states that based on the information currently within its possession, custody, and control, it can neither admit nor deny whether it ever obtained any employment records from Ms. Malabet's former employers. JetBlue states that a complete copy of Ms. Malabet's personnel record has been produced and that it does not currently have any additional records concerning Ms. Malabet's prior employment within its possession, custody, and control.

- With respect to Request Nos. 6-9, JetBlue states that based on the information currently within its possession, custody, and control, it can neither admit nor deny whether it (1) verified Ms. Malabet's former employment, (2) learned of the circumstances of Ms. Malabet's termination from the Home Depot, or (3) was aware of or learned the reasons for Ms. Malabet's departure from Bank of America.

- With respect to Request Nos. 10 and 11, JetBlue denied these requests subject to and without waiver of its foregoing objections. JetBlue is merely preserving any of the objections interposed, which is an acceptable practice. Nevertheless, JetBlue denies Request No. 10 and Request No. 11.

- With respect to Request No. 17, JetBlue admitted this Request subject to and without waiver of its foregoing objections. JetBlue is merely preserving any of the objections interposed, which is an acceptable practice. Nevertheless, JetBlue admits Request No. 17.

- With respect to Request Nos. 19, 21, and 22, JetBlue states that these requests are ambiguous. It is plaintiff's burden to assert clear and unambiguous requests for admission. As the deposition testimony has indicated, crewmembers do not serve as designated Ground Security Coordinator (GSC) for the *day*, as plaintiff's Requests assume. Rather, a designated GSC is assigned to a flight and has the *limited* responsibility of communicating any security threats to the GSC and closing the flight for departure. An unqualified response to Request Nos. 19, 20, and 22 would allow the inference that a designated GSC had the same responsibilities as a GSC, which is plainly false. *See Diederich v. Dep't of Army*, 132 F.R.D. at 619.

May 10, 2012
Page 3

Sincerely yours,

HOLLAND & KNIGHT LLP

Sarah Gogal Passeri

Cc:     George Kolbe, Esq.
        Raven & Kolbe, LLP
        126 E. 56th Street, Suite 202
        New York, New York  10022

        Robert Burns, Esq.
        Holland & Knight LLP