UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ROSALINDA BAEZ,

                     Plaintiff,                           MEMORANDUM
                                                         AND ORDER

    -against-

                                                 09 CV 596 (ENV)(RML)

JETBLUE AIRWAYS,

                    Defendant.
-----------------------------------------------------X

LEVY, United States Magistrate Judge:

           Non-party witness John Marzulli ("Marzulli"), a reporter for the New York Daily

News, moves pursuant to Federal Rules of Civil Procedure 26(c) and 45(c)(3) to quash or modify

a deposition subpoena served on him by plaintiff Rosalinda Baez ("plaintiff" or "Baez").  For the

reasons stated below, the motion is granted.

           As background, plaintiff filed this action in February 2009, seeking damages

related to an incident that took place on April 15, 2008 at JFK Airport, when plaintiff was

arrested and charged with making a false bomb threat after being told that she could not board a

flight.  (See Complaint, dated Feb. 11, 2009 ("Compl."), ¶ 46.)  Plaintiff denies having made a

bomb threat and alleges, inter alia, that defendant JetBlue Airways ("JetBlue") defamed her by

providing false and misleading information about the incident to news agencies and media

outlets.  (Id. ¶¶ 95–102.)

           On July 12, 2012, plaintiff issued a subpoena seeking to depose Marzulli

concerning an article he wrote about the incident, which was published on April 22, 2008.

Plaintiff argues that "the statements made to Marzulli by JetBlue are directly relevant to her

defamation claim against JetBlue."  (Letter of Jon L. Norinsberg, Esq., dated Sept. 28, 2012

("Norinsberg Ltr."), at 3.)

JetBlue has denied that it was a source for the article, and Marzulli has stated in a declaration[1] that the article was based on the federal criminal complaint against Baez, her arraignment, and a telephone interview with Baez that took place on April 15, 2008. (Declaration of John Marzulli, dated June 28, 2012 ("Marzulli Decl."), ¶ 2.)  He has further stated that he does "not recall interviewing or speaking to anyone at Jet Blue in connection with preparing this article" and, to the best of his knowledge and belief, he did not do so.  (Id. ¶ 4.) Although plaintiff questions the veracity of Marzulli's statement that he did not speak with JetBlue (Norinsberg Ltr. at 3), she presents no evidence to the contrary.

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure provides that the court "must" quash a subpoena where it "requires disclosure of privileged or otherwise protected matter, if no exception or waiver applies."  Under New York's Shield Law, which applies in diversity cases such as this, journalists "who, for gain or livelihood, [are] engaged in . . . writing . . . news intended for a newspaper" are protected from coerced disclosure of "any unpublished news obtained or prepared . . . in the course of gathering or obtaining news . . . , or the source of any such news, where such news was not obtained or received in confidence."  N.Y. Civ. Rights Law § 79–h(a)(6), (c); see also Guice–Mills v. Forbes, 819 N.Y.S.2d 432, 434 (N.Y. Sup. Ct. 2006) ("[The] Shield Law[ ] protects professional journalists from contempt citations when they refuse to disclose information obtained by them during the course of their reporting.").

A party seeking unpublished "news" may overcome the qualified privilege by

---

[1] Marzulli made the declaration in response to a subpoena Jet Blue served on him in May 2012, which was later withdrawn.

making "a clear and specific showing that the news: (i) is highly material and relevant; (ii) is critical or necessary to the maintenance of a party's claim, defense or proof of an issue material thereto; and (iii) is not obtainable from any alternative source." N.Y. Civ. Rights Law § 79–h(c). To determine that unpublished news is either "critical or necessary" within the meaning of § 79–h, "there must be a finding that the claim for which the information is to be used virtually rises or falls with the admission or exclusion of the proffered evidence." In re Application to Quash Subpoena to Nat'l Broad. Co., 79 F.3d 346, 351 (2d Cir. 1996) (internal quotation marks omitted) (also stating that the "critical or necessary" clause must mean something more than "useful"). "'The test is not merely that the material be helpful or probative, but whether or not . . . the action may be presented without it.'"  Baker v. Goldman Sachs & Co., 669 F.3d 105, 108 (2d Cir. 2012) (quoting In re Am. Broad. Cos., 735 N.Y.S.2d 919, 922 (N.Y. Sup. Ct. 2001)).

Plaintiff does not attempt to show that the information she seeks to elicit from Marzulli is "critical or necessary" to her case; rather, she argues that Marzulli waived his privilege under the Shield Law by providing a declaration concerning the article that is the subject of the subpoena.  (Norinsberg Ltr. at 3.)  The Shield Law privilege is waived when a journalist voluntarily discloses information to "any person not otherwise entitled to claim the exemptions provided by this section." N.Y. Civ. Rights Law § 79-h(g).  Since JetBlue, as the initial recipient of the declaration, was not a person or entity "entitled to claim the exemptions of the Shield Law," plaintiff argues that Marzulli's voluntary disclosure of information concerning his sources waived the privilege.  I agree that Marzulli waived the protection he had under the statute with respect to the limited information he shared.  Guice-Mills, 819 N.Y.S.2d at 436.

Nonetheless, under Rule 26(c), "[t]he court may, for good cause, issue an order to

protect a party or person from . . . undue burden or expense." Fed. R. Civ. P. 26(c)(1)(C).

"Under the Rule, a court is required to compare the potential hardship to the party against whom

discovery is sought, if discovery is granted, with that to the party seeking discovery if it is

denied." Solarex Corp. v. Arco Solar, Inc., 121 F.R.D. 163, 169 (E.D.N.Y. 1988).  In balancing

conflicting interests, "courts are admonished not only to consider the nature and magnitude of

the competing hardships, but also to 'give more weight to interests that have a distinctively

social value than to purely private interests.'" Id. (quoting Marrese v. Am. Acad. of Orthopaedic

Surgeons, 726 F.2d 1150, 1159 (7th Cir. 1984) (en banc)).

       Given the obvious First Amendment concerns at play in compelling a non-party

journalist to testify, combined with the limited value of the deposition plaintiff seeks, I am

satisfied that subpoena places an undue burden on Marzulli.  The subpoena is therefore quashed.

       SO ORDERED.

Dated:  Brooklyn, New York
      November 9, 2012


                        /s/
                  ROBERT M. LEVY
                  United States Magistrate Judge